[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 10, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10752
Non-Argument Calendar

_____

D. C. Docket No. 07-20594-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID BELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 10, 2009)

Before DUBINA, Chief Judge, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

David Bell appeals his 262-month sentence, imposed after he pled guilty to

one count of conspiracy to distribute 50 grams or more of cocaine base under 21 U.S.C. § 846, one count of possession with the intent to distribute a detectable amount of crack cocaine under 21 U.S.C. § 841(a)(1), and three counts of possession with the intent to distribute 5 grams or more of crack cocaine under 21 U.S.C. § 841(a)(1).

On appeal, Bell argues that the district court's sentence was procedurally and substantively unreasonable, and that the district court erred by determining that Bell held a managerial or supervisory role in the criminal conspiracy. The district court's sentence was reasonable, and the district court did not clearly err in determining that Bell held a managerial or supervisory role in the criminal conspiracy. Therefore, we affirm the sentence imposed by the district court.

## I. REASONABLENESS OF SENTENCE

### A. Procedural Unreasonableness

Bell argues that his sentence was procedurally unreasonable because the district court failed to make an individualized assessment based on the facts in relation to the § 3553(a) factors, thus precluding meaningful appellate review as required by Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 597 (2007).

The Supreme Court has held that sentences must be reviewed for unreasonableness. United States v. Booker, 543 U.S. 220, 261, 125 S. Ct. 738, 765

(2005). The reasonableness of sentences must be measured against the factors set forth in 18 U.S.C. § 3553(a). Id. at 261, 125 S. Ct. at 765-66. The reasonableness standard of review announced in Booker requires appellate courts to review the ultimate sentence imposed under a "deferential abuse-of-discretion standard." Gall, 552 U.S. at ___, 128 S. Ct. at 591. However, a district court's failure to consider the § 3553(a) factors constitutes "significant procedural error." Id. at ___, 128 S. Ct. at 597.

The sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2). 18 U.S.C. § 3553(a). The sentence should reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future criminal conduct by the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. §

3

3553(a)(1), (3)-(7).

A court should consider all of the § 3553(a) factors in making an "individualized assessment" based on the facts presented. Gall, 552 U.S. at ___, 128 S. Ct. at 596-97. The district court, however, need not discuss each factor; rather, an acknowledgment "that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). However, the court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall, 552 U.S. at ___, 128 S. Ct. at 597.

The district court acknowledged that it considered all of the § 3553(a) factors and that it reviewed the PSI and all relevant evidence in determining that a sentence at the low end of the Guidelines range was reasonable under the circumstances. Because the district court adequately explained the sentence and properly made an "individualized assessment," considering the Guidelines along with the factors set forth in 18 U.S.C. § 3553(a), the sentence was not procedurally unreasonable, and the court did not abuse its discretion in sentencing Bell.

B.     Substantive Unreasonableness

Bell argues that his sentence is substantively unreasonable because the district court failed to consider a downward variance or departure from the career

4

offender guideline. Bell argues that he had presented as factors for a variance his personal characteristics, the relatively minor degree of his criminal history, and the sentencing disparity between defendants convicted of crack versus powder cocaine offenses.

The district court has discretion to determine the weight that should be given to each § 3553(a) factor. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007). However, we may find that the district court has abused its discretion if the weight it gives to the factors yields a substantively unreasonable sentence. United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

The district court properly considered Bell's arguments for a downward variance along with the § 3553(a) factors, and the district court determined that a sentence at the low end of the Guidelines was fair and reasonable. Furthermore, Bell's criminal history appropriately qualified him for career offender status. The district court noted that a sentence at the low end of the Guidelines range was sufficient to punish Bell and to deter him from future criminal misconduct, and it was within the district court's discretion to determine the weight that should be given to those factors. Thus, the sentence was substantively reasonable, and the court did not abuse its discretion by applying Bell's career offender status and rejecting the request for a downward variance.

## II. BELL'S ROLE AS MANAGER OR SUPERVISOR

Bell argues that the district court erred by determining that he held a managerial or supervisory role in the criminal conspiracy because he only cooked crack cocaine and delivered it to street vendors. Relying on United States v. Alred, 144 F.3d 1405 (11th Cir. 1998), Bell argues that no evidence exists that shows that he recruited workers, acted in a supervisory capacity, or received a disproportionate share of the conspiracy's profits.

A district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc); see also U.S.S.G. § 3B1.1(c) (providing for a two-level increase in offense level to a defendant who was an organizer, leader, manager, or supervisor of fewer than five other participants in any criminal activity that was not otherwise extensive). We have held that a district court's decision that is supported by the record and applies the law properly will rarely be clearly erroneous. De Varon, 175 F.3d at 945. In distinguishing a leadership or organizational role from a managerial or supervisory role, the district court should consider the following factors: (1) exercise of decision making authority, (2) nature of participation in the commission of the offense, (3) recruitment of accomplices, (4) claimed right to a larger share of the fruits of the crime, (5) degree of

6

participation in planning or organizing the offense, (6) nature and scope of the illegal activity, and (7) degree of control and authority exercised over others. U.S.S.G. § 3B1.1, comment. (n.4). To qualify as a manager or supervisor, the defendant must assert control or influence over at least one other participant in the crime. United States v. Campa, 529 F.3d 980, 1013 (11th Cir. 2008); see also U.S.S.G. § 3B1.1, comment. (n.2) ("To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants."). In addition, a defendant's status as a "middleman or distributor" is insufficient to receive the enhancement. United States v. Yates, 990 F.2d 1179, 1182 (11th Cir. 1993); Alred, 144 F.3d at 1422. But see United States v. Perry, 340 F.3d 1216, 1217 (11th Cir. 2003) (listing the act of paying another member of the conspiracy for transporting drugs as a factor supporting the § 3B1.1 enhancement).

The district court did not commit clear error in finding that Bell had a managerial or leadership role in the criminal conspiracy, and thus warranted the two-level enhancement under § 3B1.1(c) (rather than the four-level enhancement sought by the government). Bell supplied drugs to another member of the conspiracy when the street level sellers ran out, and he collected the proceeds after the drugs were sold. Furthermore, Bell was more than a "middleman or

distributor" because he paid other members of the conspiracy to distribute the drugs.

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Therefore, the sentence is affirmed.

AFFIRMED.