[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 5, 2003
THOMAS K. KAHN
CLERK**

No. 02-16776
Non-Argument Calendar

D.C. Docket No. 02-00109-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD THADDEUS PERRY,

Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Alabama

**(August 5, 2003)**

Before ANDERSON, BLACK and RONEY, Circuit Judges.

PER CURIAM:

Edward Thaddeus Perry appeals his 106-month sentence for conspiracy to possess with intent to distribute cocaine, and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Perry makes two arguments

as to his sentence: (1) there was insufficient evidence to support a two-level aggravated role enhancement under U.S.S.G. § 3B1.1(c); and (2) the district court erred by denying his request for a minimal or minor role reduction under U.S.S.G. § 3B1.2. We affirm as to the enhancement, but vacate and remand for further consideration of his request for a minimal or minor role reduction.

Aggravating Role Enhancement

"If a defendant was an organizer, leader, manager, or supervisor of the criminal activity, his offense level may be increased by two." *United States v. Phillips*, 287 F.3d 1053, 1058 (11th Cir. 2002). "[T]he assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement." *Id.* (internal citation and quotation omitted). "In distinguishing a leadership role, the district court should consider 'the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.'" *Id.* (quoting U.S.S.G. § 3B1.1, cmt. (n. 4)).

Here, the record reveals that Perry (1) actively recruited two individuals to transport drugs, (2) arranged one of those recruited individuals to transport cocaine,

(3) directly paid at least one of those individuals for transporting cocaine, and (4) was, in turn, paid for his recruitment and supervision of individuals in that drug conspiracy. The district court did not clearly err in assessing Perry an aggravated role enhancement under § 3B1.1(c). *See Phillips*, 287 F.3d at 1058.

## Mitigating Role Adjustment

Perry argues that he is entitled to a minimal or minor role reduction under U.S.S.G. § 3B1.2, citing facts contrasting his role with other participants of the drug conspiracy. *See, e.g, United States v. Boyd,* 291 F.3d 1274, 1277 (11th Cir. 2002) (noting that the district court "must measure the defendant's role against the relevant conduct for which she was held accountable at sentencing . . . [and] may also measure the defendant's role against the other participants . . . in that relevant conduct," quoting *United States v. De Varon*, 175 F.3d 930, 945 (11th Cir. 1999)).

In response to this argument, the government, without citation of authority, analysis, or reasoning simply says:

> These are not two separate issues, but rather one issue. . ..
> If there was no error in awarding the two-level enhancement for leadership, then it is axiomatic that Perry did not have a minor role in the offense . . .. Therefore, the United States will address only the issue of whether the district court erred in awarding Perry the two-level enhancement for leadership.

Inexplicably, the government's brief neither cites nor comments upon the two cases from the circuits found to have addressed such a proposition, which both hold to a contrary position, and which were cited in both the initial and reply briefs of the defendant.

In *United States v. Tsai*, 954 F.2d 155 (3d Cir. 1992), the Third Circuit, considering the defendant's argument that aggravating and mitigating roles in the offense – as defined by the Guidelines – can "coexist*,"* addressed the government's argument that this was a "logical inconsistency" by holding:

> The district court apparently assumed that because it had (properly) found that there could be an upward adjustment for the offense, there could be no downward adjustment for less than average culpability. This assumption is incorrect. Nothing in the Guidelines or in the enabling legislation, the Sentencing Reform Act, 18 U.S.C. §§ 3551 to 3585 (1988), compels that conclusion.

954 F.2d at 167. Although it had affirmed the two level upward adjustment because the defendant was a manager or supervisor, the *Tsai* court remanded to the district court for consideration of whether the defendant was entitled to a downward adjustment. The government did not appeal that decision.

Likewise, in a case where the Seventh Circuit held that the downward adjustment was clearly erroneous, it adhered to the Third Circuit's ruling:

> [T]hough the government goes too far in arguing that there can never be a situation in which a defendant could receive both a punishment bonus for being a manager or supervisor and a punishment discount for being a minor participant. Section 3B1.2 does not say that a manager or supervisor cannot be a minor participant; all that is required is that be less culpable than most of the other participants.

*United States v. Jackson,* 207 F.3d 910 (7th Cir. 2000), *rev'd in part on other grounds,* 531 U.S. 953 (2000); *but see United States v. Conley*, 156 F.3d 78 (1st Cir. 1998) ("Because an upward adjustment for a managerial role is fundamentally inconsistent with according the same individual, in respect to the same offense, a downward adjustment for a minor or minimal role, the district court did not err in failing to grant the appellant's motion for reduction.").

This Court has not addressed whether the Eleventh Circuit should differ from the other circuits as to these holdings, nor do we intend to without reasoned argument from the government as to whether they are or are not a correct interpretation of the Sentencing Guidelines. It may well be that the district court followed a contrary view, *sub silentio,* without full consideration of the issue. Intimating no view as to either issue, however, we therefore vacate the sentence and remand to the district court for consideration of both the legal and factual issues concerning the defendant's request for a minimal or minor role reduction. Needless to say, the district court is free to determine, if it so finds, that the defendant would not be entitled to the

minimal or minor role reduction even if the enhancement for an aggravated role did not foreclose such a downward reduction, and thus pretermit a decision on that legal issue.

**AFFIRMED IN PART, VACATED, AND REMANDED FOR FURTHER CONSIDERATION**.