[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16312
Non-Argument Calendar

_____

D. C. Docket No. 08-20091-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY CAMPBELL,
a.k.a. Tony,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 7, 2009)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Campbell appeals his sentence of 120 months of imprisonment for

conspiracy to import five kilograms or more of cocaine, 21 U.S.C. §§ 963, 960(b)(1)(B), 952(a), and conspiracy to commit money laundering, 18 U.S.C. §§ 1956(h), (a)(2)(A). Campbell challenges the enhancement of his sentence by two points for his aggravating role in the drug conspiracy and the denial of relief under the safety valve. We affirm.

## I. BACKGROUND

Campbell conspired with other individuals to import and distribute cocaine from Honduras. During the conspiracy, Campbell telephoned Franklin Bodden and asked him to fly to Honduras to deliver $28,000 because the amount was too large to transfer by wire. After Campbell instructed Bodden to conceal the cash from authorities, Campbell transported Bodden by car to the Miami International Airport. Campbell reimbursed Bodden $600 for his airfare and gave Bodden $400 in "spending money."

Campbell and Bodden were arrested in February 2008. Bodden admitted to authorities that he had traveled to Honduras to deliver $28,000 for Campbell and that he knew before the delivery that Campbell trafficked narcotics. Bodden acknowledged that six to eight months earlier he had transferred by wire $3000 to Honduras for Campbell.

Campbell was charged in a nine-count indictment. He later entered a blind

2

plea of guilt to two charges, conspiracy to import five or more kilograms of cocaine, 21 U.S.C. §§ 963, 960(b)(1)(B), 952(a), and conspiracy to commit money laundering, 18 U.S.C. §§ 1956(h), (a)(2)(A). The presentence investigation report provided a base offense level of 32, United States Sentencing Guideline §2D1.1(a)(3), increased that level by two points for Campbell's aggravating role in the criminal activity, id. § 3B1.1(c), and reduced that level by three points for Campbell's acceptance of responsibility, id. §3E1.1. Campbell faced a statutory minimum sentence of 120 months of imprisonment. 21 U.S.C. § 960(b)(1); U.S.S.G. § 5G1.1(c)(2).

Both the government and Campbell filed objections to the presentence report. The government argued that Campbell should receive a four-point enhancement based on his role as a leader or organizer of an offense that involved five or more participants. Id. § 3B1.1(a). Campbell objected to the two-point enhancement recommended in the report and argued that he did not exert any control or direction over his cohorts and his contact in Honduras organized the smuggling. Campbell also argued that he was eligible for relief under the safety valve. Id. § 5C1.2.

At the sentencing hearing, the government objected to Campbell's request for relief under the safety valve. Campbell argued that he did not recruit Bodden to

3

participate in the drug conspiracy but instead had asked Bodden to deliver the money as a personal favor. Campbell also argued that he never told Bodden that the money was being used to purchase drugs.

The district court denied Campbell a four-point enhancement because the government failed to "establish that [Campbell] was an organizer or leader of criminal activity that was otherwise extensive or involved five or more participants." The district court granted a two-point enhancement because Campbell "recruited and supervised Franklin Bodden. He brought Bodden into the conspiracy" and "told [Bodden] he needed him to fly down to Honduras as soon as possible because he needed the money to get there before the weekend and it was too much money to wire." The court also found that "Bodden was not an unwitting participant." The court sentenced Campbell to 120 months of imprisonment and found that "a sentence at the lowest end of the . . . advisory guidelines range, which is the statutory minimum, . . . [was] sufficient for both punishment and deterrence of any further criminal activity[.]"

## II. STANDARD OF REVIEW

When the district court applies an enhancement for an aggravating role, we review for clear error the "determination of [the defendant's] role in the scheme and de novo [the] application of the guidelines to that role." United States v.

4

<u>Valladares</u>, 544 F.3d 1257, 1267 (11th Cir. 2008) (quoting <u>United States v. Njau</u>, 386 F.3d 1039, 1041 (11th Cir. 2004)).

### III. DISCUSSION

Campbell presents two related arguments about the enhancement of his sentence. Campbell argues that the district court clearly erred by finding he played an aggravating role in the drug conspiracy because he did not recruit Bodden and Bodden was not a participant in the conspiracy. Campbell also argues that, but for the findings of fact about his aggravated role, he was entitled to relief under the safety valve.

The district court did not err by enhancing Campbell's sentence. If a defendant is a manager or supervisor of one or more participants in a criminal activity, his offense level may be increased by two points. <u>See</u> U.S.S.G. § 3B1.1(c) & n.1. Campbell enlisted and compensated Bodden for transporting drug money to Honduras. <u>See</u> <u>United States v. Perry</u>, 340 F.3d 1216, 1217–18 (11th Cir. 2003). "[T]he assertion of control or influence over only one individual [was] enough to support [Campbell's] § 3B1.1(c) enhancement." <u>United States v. Jiminez</u>, 224 F.3d 1243, 1251 (11th Cir. 2000). Bodden was a participant in that conspiracy because he knew that Campbell trafficked in drugs and agreed to transport drug money. Because Campbell played an aggravating role in the

5

conspiracy, he was not eligible for relief under the safety valve.  U.S.S.G. §

5C1.2(a)(4) & n.5.

## IV. CONCLUSION

Campbell's sentence is **AFFIRMED.**