[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 19, 2010
JOHN LEY
CLERK

No. 10-10988
Non-Argument Calendar

_____

D.C. Docket No. 2:09-cr-14046-KMM-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERID BETANCOURT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 19, 2010)

Before EDMONDSON, BLACK and MARTIN, Circuit Judges.

PER CURIAM:

Herid[1] Betancourt appeals his 18-month sentence imposed following his guilty plea to conspiring to smuggle aliens into the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i) and 1324(a)(1)(A)(v)(I). Betancourt claims the district court erred by finding he was a manager or supervisor in an alien smuggling conspiracy warranting a three-level role enhancement under U.S.S.G. § 3B1.1(b). Further, Betancourt argues the role enhancement was not warranted because his co-defendant, Jorge Paula, was not given the enhancement despite his participation in the conspiracy. After review,[2] we affirm Betancourt's sentence.

Pursuant to U.S.S.G. § 3B1.1, a district court may increase a defendant's role in the offense by three levels if "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). To qualify for an adjustment under this section, the defendant must have been the manager or supervisor of one or more participants. *Id.* at § 3B1.1, comment. (n.2). The defendant must exert "some degree of control, influence, or leadership." *Yates*,

---

[1] The spelling of the defendant's first name is unclear. The district court judgment and Federal Bureau of Prisons inmate locator identified him as "Henrid," but his name is stated as "Herid" on this Court's documents.

[2] We review the district court's factual finding as to a defendant's role in the offense for clear error and its application of the Sentencing Guidelines to the facts *de novo*. *United States v. Yates*, 990 F.2d 1179, 1182 (11th Cir. 1993). The government has the burden of proving by a preponderance of the evidence the existence of the aggravating role. *Id.*

990 F.2d at 1182. In distinguishing a leadership and organizational role, warranting a four-level increase, from one of mere management or supervision, we consider the following factors:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, comment. (n.4); *United States v. Alred*, 144 F.3d 1405, 1421 (11th Cir. 1998). The assertion of control or influence over only one individual is enough to support a § 3B1.1 enhancement. *United States v. Phillips*, 287 F.3d 1053, 1058 (11th Cir. 2002). In *United States v. Perry,* 340 F.3d 1216 (11th Cir. 2003), we held that a role enhancement was warranted where the defendant actively recruited two individuals to transport drugs and paid at least one of the individuals for transporting drugs. *Id.* at 1217-18.

Because of his role in recruitment, influence over at least one individual, and participation in planning, the district court did not err in enhancing Betancourt's sentence three levels for being a manager or supervisor in an alien smuggling conspiracy. *See* U.S.S.G. § 3B1.1, comment. (n.4); *Phillips*, 287 F.3d at 1058. The record shows Betancourt recruited two others to the venture, paid at

least one individual to be involved, and helped plan the smuggling operation. Furthermore, there were at least five participants involved in the conspiracy. Betancourt's assertion that Paula exercised a greater leadership role is irrelevant to his role enhancement because the application of the Guidelines to Betancourt is not dependent on the court's application of the Guidelines to another defendant. *Cf. United States v. Jones*, 933 F.2d 1541,1547 (11th Cir. 1991) (holding that the defendant's subordinate role to another participant did not absolve him of the managerial or supervisory role he played). Thus, we affirm Betancourt's sentence.

**AFFIRMED.**