[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15114
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 12, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:10-cr-60007-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALGIRDAS KRISCIUNAS,

Defendant-Appellant.

_____

No. 10-15214
Non-Argument Calendar
_____

D.C. Docket No. 0:10-cr-60007-WPD-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA TERESA BULICH,

                                        Defendant-Appellant.

                    _____

                    Appeals from the United States District Court
                       for the Southern District of Florida
                    _____

                          (October 12, 2011)


Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

    Algirdas Krisciunas and Maria Teresa Bulich appeal following their

convictions and sentences for conspiracy to dispense a controlled substance,

oxycodone, without authorization by law, in violation of 21 U.S.C. § 846 (Count

1) and dispensing oxycodone without authorization by law, in violation of

21 U.S.C. § 841(a)(1) (Counts 3-7).  Krisciunas appeals his 97-month total

sentence, contending the sentence was substantively unreasonable in light of his

age, health, and otherwise law-abiding history.  Maria Teresa Bulich appeals her

convictions and 78-month total sentence, arguing (1) the evidence presented at

trial was insufficient to convict her on the conspiracy or substantive charges, and

                                    2

(2) the district court erred by applying a managerial role enhancement at sentencing, pursuant to U.S.S.G. § 3B1.1(c). After review, we affirm.

## I.

Krisciunas challenges the substantive reasonableness of his total sentence.[1] We determine whether the sentence imposed is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51 (2007). The sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing, namely, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from further criminal conduct by the defendant, and provide the defendant with needed educational training, vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing

---

[1] By failing to challenge the procedural reasonableness of his sentence, Krisciunas has abandoned this issue on appeal. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003)

Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

Krisciunas has not met the burden of showing that his 97-month total sentence was substantively unreasonable.[2] It was within the applicable Guidelines range, and we ordinarily expect such a sentence to be reasonable. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) ("[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one."). Although he asserts the district court failed to properly consider his age, health, and previous law-abiding history, this argument is contradicted by the fact the court specifically noted it considered his age and health before sentencing, questioned the Government about the sufficiency of a sentence for a man of his age, and accounted for his lack of criminal history by ascribing him a criminal history category of I. Moreover, the district court determined that pain clinics–in which unscrupulous doctors such as Krisciunas prescribed drugs to addicts–were a serious problem in the community, and it was appropriate to fashion a sentence that would act as a deterrent to others

---

[2]We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Gall*, 552 U.S. at 41. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

who might otherwise commit a similar offense. Consequently, Krisciunas's sentence was substantively reasonable and we affirm his 97-month total sentence.

II.

*A. Sufficiency of the evidence*

Bulich challenges the sufficiency of the evidence with regard to her convictions. "We review *de novo* the denial of a motion for acquittal and the sufficiency of the evidence to sustain a conviction." *United States v. Tampas*, 493 F.3d 1291, 1297 (11th Cir. 2007).[3] We will uphold a jury's verdict if a reasonable jury, viewing the evidence and all reasonable inferences in the light most favorable to the government, could find the defendant guilty as charged beyond a reasonable doubt. *Id.* at 1297-98. "It is not our function to make credibility choices or pass upon the weight of the evidence. Instead, we must sustain the verdict where there is a reasonable basis for it." *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir.), *cert.denied*, 131 S. Ct. 369 (2010) (quotations and citation omitted).

The elements of a conspiracy offense under 21 U.S.C. § 846 are: "(1) an agreement between the defendant and one or more persons, (2) the object of which is to do either an unlawful act or a lawful act by unlawful means." *United States v.*

---

[3] Bulich moved for acquittal at the close of the government's case, which the district court denied, and she presented no evidence in her own defense.

*Toler*, 144 F.3d 1423, 1426 (11th Cir. 1998). "To sustain a conviction under an aiding and abetting theory, the prosecution must show that the defendant associated [her]self with a criminal venture, participated in it as something [s]he wished to bring about, and sought by [her] actions to make it succeed." *United States v. Pantoja-Soto*, 739 F.2d 1520, 1525 (11th Cir. 1984) (quotations omitted).

Practitioners, such as doctors and pharmacists, are afforded a limited exemption to the controlled substances statute. *See United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc). Practitioners can be prosecuted, under § 841, however, for dispensing controlled substances "when their activities fall outside the usual course of professional practice" and are not prescribed "for a legitimate medical purpose." *United States v. Moore*, 423 U.S. 122, 124 (1975) (usual course of professional practice); *see also United States v. Betancourt*, 734 F.2d 750, 757 & n.7 (11th Cir. 1984) (legitimate medical purpose).

Bulich's convictions for conspiracy, Count 1, and aiding and abetting the unlawful dispensing of oxycodone, Counts 3 through 7, were supported by sufficient evidence. Bulich worked in a supposed medical clinic teeming with drug addicts and had employees using drugs on the premises. Witnesses testified Bulich was specifically informed the clinic's records were falsified and patients were addicts. Witnesses testified Bulich began to order a specific brand of

6

oxycodone after being told it was addict-preferred. Based on the evidence, a reasonable jury could infer an agreement to unlawfully dispense oxycodone from the fact it occurred so openly. Moreover, the evidence entitled the jury to find that Bulich shared a community of purpose with Krisciunas, in which she assisted his criminal actions in the hopes that they would succeed, namely by dispensing the prescription drugs he prescribed.

Accordingly, the Government established Bulich agreed to and assisted the unlawful dispensing of oxycodone. Based on overwhelming evidence, Bulich was not operating the clinic as a legitimate medical office, but instead was acting as a dispensary for oxycodone to individuals who were not in medical need of it. Therefore, the Government presented sufficient evidence at trial to convict on Counts 1 and 3 through 7, and we affirm Bulich's convictions.

## B. Managerial role enhancement

Bulich challenges the district court's application of a managerial role enhancement at sentencing. "A defendant's role as an organizer or leader is a factual finding that we review for clear error to determine if the enhancement under § 3B1.1 was applied appropriately." *United States v. Ramirez*, 426 F.3d 1344, 1355 (11th Cir. 2005). A two-level enhancement is appropriate where "the defendant was an organizer, leader, manager, or supervisor in any criminal

activity." U.S.S.G. § 3B1.1(c). "The assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement." *United States v. Perry*, 340 F.3d 1216, 1217 (11th Cir. 2003) (quotations and alteration omitted). Thus, where the defendant arranges drug transactions, negotiates sales, and hires others to work for the conspiracy, a managerial-role enhancement is warranted. *United States v. Matthews*, 168 F.3d 1234, 1249-50 (11th Cir.1999).

The district court did not clearly err by applying a two-level managerial role enhancement at sentencing. At trial, evidence was presented that Bulich was the owner and proprietor of the clinic, had the power to hire and fire employees, dictated orders to employees including Krisciunas, had sole control over the oxycodone, and ordered the oxycodone pills. Consequently, she asserted control and influence over other individuals, arranged drug transactions, and otherwise led the criminal activity afoot at the clinic. Accordingly, the district court did not err, clearly or otherwise, by assessing Bulich a managerial role enhancement, and we affirm.

III.

We conclude Krisciunas's total sentence was substantively reasonable. We further conclude Bulich's convictions were supported by sufficient evidence, and

the district court did not err in applying a managerial role enhancement to Bulich at sentencing.

**AFFIRMED.**