[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15937
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JULY 10, 2012

JOHN LEY
CLERK

D.C. Docket No. 2:06-cr-00033-JES-SPC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW M. WEDDERBURN,
a.k.a. Generator,
a.k.a. Genuine,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 10, 2012)

Before EDMONDSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Andrew Wedderburn appeals his within-guideline total sentence of 132 months' imprisonment, after pleading guilty to 1 count each of conspiracy to import 1,000 kilograms or more of marijuana into the United States, 21 U.S.C. § 963; conspiracy to possess with the intent to distribute 1,000 kilograms or more of marijuana, 21 U.S.C. § 846; and possession with intent to distribute 1,000 kilograms or more of marijuana, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.   On appeal, Wedderburn argues that the district court committed clear error in imposing a three-level enhancement under U.S.S.G. § 3B1.1(b), after determining that Wedderburn was a supervisor or manager in the smuggling operation. We review the district court's decision to apply an aggravating role enhancement for clear error. *United States v. Ramirez*, 426 F.3d 1344, 1355 (11th Cir. 2005).   "For a factual finding to be clearly erroneous, this Court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed." *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004) (quotations omitted).   "Where the evidence has two possible interpretations, the district court's choice between them cannot be clearly erroneous."   *United States v. Foster*, 155 F.3d 1329, 1331 (11th Cir. 1998).

Section 3B1.1(b) of the Sentencing Guidelines provides for a three-level increase to a defendant's offense level if the defendant "was a manager or supervisor

2

(but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive."   U.S.S.G. § 3B1.1(b).   The government bears the burden of establishing, by a preponderance of the evidence, a defendant's aggravating role in the offense.   *United States v. Yates*, 990 F.2d 1179, 1182 (11th Cir. 1993).   Recruitment of co-conspirators and arrangement for the transportation of the drugs is indicative of a managerial or supervisory role.   *United States v. Perry*, 340 F.3d 1216, 1217-18 (11th Cir. 2003).   A defendant's subordinate role to another conspirator does not absolve him of his supervisory role in coordinating and managing the delivery and transportation of a drug shipment.   *United States v. Jones*, 933 F.2d 1541, 1542, 1546-47 (11th Cir. 1991) (upholding a § 3B1.1(b) enhancement where the evidence showed that the defendant helped other participants "plan the operational aspects of the [drug] smuggling effort," and made various unilateral decisions regarding landing and loading locations and the timing of the smuggling trips).

The district court's finding that Wedderburn was a manager or supervisor under U.S.S.G. § 3B1.1(b) was supported by the record developed during an evidentiary hearing at sentencing.   In response to questioning by the court, DEA Special Agent Paul Mangone summed up Wedderburn's participation in the criminal scheme as follows:

3

During each delivery . . . Mr. Wedderburn was always the person that was consulted. He was the one person that, when he was not there, we always made sure that we made a phone call to Jamaica, to make sure. That everyone was concerned [with] what Mr. Wedderburn wanted to do.   It was–whether it was Mr. Hanast, whether it was Mr. Finkel, or Gentry, whether it was Mr. Riddick, they always deferred, when it came to certain things, to Mr. Wedderburn.

The court credited Mangone's testimony.   Because the evidence showed that Wedderburn helped direct and plan the smuggling operation, Wedderburn has not shown that the district court clearly erred in applying the three-level enhancement. Accordingly, we affirm.

**AFFIRMED.**

4