[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14280
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cr-00017-LC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERTO PARADA-TALAMANTES,
a.k.a. Peso,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 7, 2014)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

After pleading guilty, Gilberto Parada-Talamantes appeals his 165-month

sentence for conspiring to distribute and possess with intent to distribute

five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 846, and possessing with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(ii) and 18 U.S.C. § 2. On appeal, Parada-Talamantes argues that the district court erred by imposing a three-level enhancement for being a manager or supervisor of more than five participants, pursuant to U.S.S.G. § 3B1.1(b).  After review, we affirm.

## I.  DISCUSSION

### A.    Section 3B1.1(b) Role Enhancement

Under § 3B1.1(b), the three-level managerial role enhancement applies if (1) the defendant was a manager or supervisor, but not an organizer or leader; and (2) the criminal activity involved five or more participants or was otherwise extensive. U.S.S.G. § 3B1.1(b).  To qualify for the enhancement, the defendant need only manage or supervise one other participant in the criminal activity.  Id. § 3B1.1, cmt. n.2.

At sentencing, Parada-Talamantes objected to the application of § 3B1.1(a)'s four-level leadership-role enhancement, arguing that he was not a leader or organizer.  The district court sustained that objection and instead applied the three-level enhancement in § 3B1.1(b) because Parada-Talamantes was a supervisor or manager.  Parada-Talamantes never objected to the three-level enhancement. Thus, our review of the issue on appeal is for plain error.  See United States v.

McNair, 605 F.3d 1152, 1222 (11th Cir. 2010); Fed. R. Crim. P. 52(b).  Here, as explained below, Parada-Talamantes has not shown error, much less plain error, in applying the three-level enhancement.

**B.    Defendant Parada-Talamantes's Arguments**

First, there is no merit to Parada-Talamantes's contention that the district court did not make adequate findings of fact to support the enhancement.  The district court explicitly found that Parada-Talamanets "was the manager . . . that handled all of the arrangements."  The district court had no duty to make further specific subsidiary factual findings so long as the ultimate conclusion as to the defendant's role is supported by the record. See United States v. De Varon, 175 F.3d 930, 939-40 (11th Cir. 1999) (involving a minor-role reduction under U.S.S.G. § 3B1.2).

Second, the district court's decision to impose the three-level enhancement was supported by the record.  Specifically, undisputed facts in the presentence investigation report ("PSI") established that Defendant Parada-Talamantes and his codefendant, Luis Alonso Delarca-Munguia, were sources of cocaine for a family-run drug trafficking organization involving Gabino Ortiz, Sr. and his two sons.  In post-arrest statements, all three Ortiz men said that Defendant Parada-Talamantes and Delarca-Munguia were a source of supply for them and that the defendants made multiple deliveries of cocaine and/or marijuana.  In his post-arrest statement,

Delarca-Munguia said, among other things, that Defendant Parada-Talamantes recruited him to help deliver cocaine to the Ortizes and, when Ortiz refused a cocaine delivery for poor quality, Defendant Parada-Talamantes directed him to find another buyer, which he did.  See United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006) (explaining that a defendant's failure to object to a factual allegation in the PSI constitutes an admission for sentencing purposes).

In addition to these undisputed PSI facts, sentencing testimony showed that Defendant Parada-Talamantes supplied cocaine to the Ortiz family's drug trafficking organization, which then gave distribution-level quantities to multiple individuals.  Defendant Parada-Talamantes contacted Ortiz, Sr. to arrange cocaine deliveries and met with Ortiz, Sr. to accept payment for the delivered cocaine. Another individual, Jamie Rodriguez, was Defendant Parada-Talamantes's source for cocaine and, after the transactions were completed, Defendant Parada-Talamantes gave the proceeds to Rodriguez.  Codefendant Delarca-Munguia told investigators that Defendant Parada-Talamantes recruited him into the cocaine distribution conspiracy and instructed him to retrieve a shipment of low-quality cocaine from the Ortizes.

Although Parada-Talamantes contends that the facts of his recruitment and decisionmaking were disputed, the testimony at the sentencing hearing established that he recruited Delarca-Munguia and that he arranged for the sale of drugs to the

4

Ortizes.  Resolving factual disputes, the district court found that Parada-Talamantes handled all the arrangements of the drug transactions and concluded that the § 3B1.1(b) enhancement was appropriate.

Moreover, the facts are sufficient to support the managerial-role enhancement.  Defendant Parada-Talamantes recruited and directed his codefendant Delarca-Munguia, which is generally sufficient to show the defendant is a manager.  See U.S.S.G. § 3B1.1 cmt. n.2; United States v. Jiminez, 224 F.3d 1243, 1251 (11th Cir. 2000) (stating that "the assertion of control or influence over only one individual" is sufficient to support a role enhancement under § 3B1.1).  In addition, Defendant Parada-Talamantes arranged the drug transactions and negotiated the sales with the Ortizes.  See United States v. Perry, 340 F.3d 1216, 1217-18 (11th Cir. 2003) (upholding a § 3B1.1 role enhancement where, among other things, the defendant recruited two others to transport drugs and then arranged for one of those individuals to transport cocaine).  Given that Defendant Parada-Talamantes exerted some influence and authority over Delarca-Munguia, he was more than a mere middleman between Rodriguez and the Ortizes.  See United States v. Ndiaye, 434 F.3d 1270, 1304 (11th Cir. 2006) (upholding a § 3B1.1 enhancement where the defendant recruited and instructed coconspirators).  The mere fact that Defendant Parada-Talamantes was subordinate to Rodriguez did not render Parada-Talamantes ineligible for the § 3B1.1(b) enhancement.  See

5

United States v. Jones, 933 F.2d 1541, 1546-47 (11th Cir. 1991) (rejecting defendant's argument that he was not a manager or supervisor because he was subordinate to another individual in the drug distribution scheme because he coordinated and managed delivery and transportation of the drugs).

There is also no merit to Defendant Parada-Talamantes's claim that there were less than five participants in the criminal activity. A "participant" is defined as a "person who is criminally responsible for the commission of the offense" even if the person was not charged or convicted. See U.S.S.G. § 3B1.1, cmt. n.1. To determine the number of participants, the district court must examine the number of individuals involved in the relevant conduct for which the defendant was responsible. See U.S.S.G. Ch. 3, Pt. B, intro. cmt.; United States v. Holland, 22 F.3d 1040, 1046 (11th Cir. 1994).

Here, the three Ortizes were involved in, and criminally responsible for, Defendant Parada-Talamantes's criminal activity of distributing and possessing with intent to distribute cocaine and marijuana, as they were the recipients of the drugs supplied by Parada-Talamantes's conspiracy.[1] In addition to the three

---

[1]Parada-Talamantes contends that the Ortizes cannot be counted as participants because they were part of a separate conspiracy to distribute drugs at the retail level. Even assuming arguendo that there were two conspiracies, the Ortizes still can be counted as "participants" in Parada-Talamantes's criminal activity under § 3B1.1. See Holland, 22 F.3d at 1046 ("[I]n deciding whether individuals were participants in the criminal activity, the court must consider, in addition to the criminal act itself, the individuals' involvement in the events surrounding the criminal act."). The Ortizes participated in Parada-Talamantes's criminal activity by purchasing

Ortizes, codefendant Delarca-Munguia and Defendant Parada-Talamantes's superior, Rodriguez, were also involved. Thus, under the undisputed facts, there were at least six participants in Defendant Parada-Talamantes's criminal activity.

Accordingly, the district court did not err in applying § 3B1.1(b)'s three-level managerial role enhancement.

**AFFIRMED.**

---

distribution-level quantities of drugs from him and Delarca-Munguia, and the Ortizes were criminally culpable for their part in those drug transactions.

7