[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11224
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20964-JAG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO GRAJALES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 27, 2014)

Before PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Alberto Grajales appeals his conviction and sentence of 220 months of

imprisonment for conspiring and attempting to interfere with commerce by

robbery, in violation of 18 U.S.C. § 1951(a); conspiring and attempting to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846; and possessing a firearm in furtherance of a crime of violence and a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).[1]  We affirm.

## I. BACKGROUND

When a confidential informant ("CI") met with the Bureau of Alcohol, Tobacco, Firearm and Explosives agents to discuss information he had obtained regarding Grajales, an undercover reverse sting operation was initiated.  The CI and an undercover law enforcement officer solicited Grajales's assistance in planning an armed robbery of 30 kilograms of cocaine from a "stash house."  R at 2699.  During Grajales' trial, the government presented video and audio recordings of several meetings and telephone calls in which Grajales, the CI, the undercover officer, and several of Grajales's co-conspirators planned the robbery over the course of approximately three weeks.  During these conversations, Grajales asked the CI and the undercover officer numerous questions about the drugs and the stash house, discussed the need for weapons on several occasions,[2] and discussed how

---

[1] A jury previously had convicted Grajales of the same crimes.  *See United States v. Grajales*, 450 F. App'x 893, 894 (11th Cir. 2012) (unpublished).  In January 2012, we reversed Grajales's convictions, because the district judge erred when she (1) failed to give the jury Grajales's requested entrapment instruction; (2) instructed the jury Grajales's mistaken belief that he was helping law enforcement had to be reasonable; and (3) excluded Grajales's testimony regarding a confidential informant's statements.  *Id.* at 899, 901-02.

[2] Some of these conversations included (1) Grajales's discussing six crewmembers who

2

the stolen drugs would be divided and sold. On November 4, 2009, the night of the planned robbery, Grajales and his co-conspirators were arrested, when they arrived at the final meeting location before they proceeded to the stash house. A loaded semi-automatic gun was found hidden in a car driven to the scene by one of Grajales's co-conspirators.

At the close of the government's case-in-chief, Grajales moved for a judgment of acquittal, because (1) there was no proof he actively participated in drug-dealing, (2) law enforcement was incapable of being robbed, and (3) the government had not established he was predisposed to commit the charged crimes. The district judge denied Grajales's motion. The public defender then presented testimony of an investigator that, between May and November 2009, the CI had telephoned Grajales 56 times, and Grajales had telephoned the CI 21 times. During cross-examination, the investigator testified 31 of those calls occurred before the government's investigation began. Grajales renewed his motion for judgment of acquittal; the district judge denied the motion. At Grajales's request, the district judge provided the jury with an entrapment instruction. The jury convicted Grajales on all charged counts.

---

would all have guns, (2) Grajales's telling the CI that one crewmember had a .22 caliber firearm and a shotgun, and (3) Grajales's telling the CI, on the night of planned robbery, the crew was armed.

3

The presentence investigation report assigned a base offense level of 34 and added two levels for Grajales's role as an organizer, leader, manager, or supervisor, under U.S.S.G. § 3B1.1(c).  The public defender objected and argued the facts did not support an aggravating-role enhancement.  The district judge overruled Grajales's role-enhancement objections and adopted the PSI's factual findings and Sentencing Guidelines calculations.  The judge sentenced Grajales to a total of 220 months of imprisonment and 5 years of supervised release.  On appeal, Grajales raises three arguments: (1) the evidence was insufficient for the jury to find Grajales was predisposed to commit the charged offenses; (2) the evidence was insufficient to support Grajales's conviction for possession of a firearm in furtherance of a crime of violence and a drug-trafficking crime; and (3) the district judge clearly erred in imposing a two-level sentencing enhancement for Grajales's role as an organizer, leader, manager, or supervisor in the crimes.

## II. DISCUSSION

A. Entrapment Defense

We review de novo a jury's rejection of an entrapment defense; we view the evidence in the light most favorable to the government and resolve all reasonable inferences and credibility evaluations in favor of the jury verdict.  *United States v. Haile*, 685 F.3d 1211, 1218-19 (11th Cir.) (per curiam), *cert. denied*, 133 S. Ct. 1723 (2012).  An affirmative defense of entrapment requires two elements:

4

(1) government inducement of the crime; and (2) the defendant's lack of predisposition to commit the crime before the inducement. *Id.* at 1219. The defendant bears the burden of proving inducement; after he meets this burden, the government must prove beyond a reasonable doubt the defendant was predisposed to commit the crime. *United States v. Demarest*, 570 F.3d 1232, 1240 (11th Cir. 2009). Where the jury has rejected an entrapment defense and government inducement is not at issue, our review is limited to deciding whether the evidence was sufficient for a reasonable jury to find the defendant was predisposed to take part in the illicit acts. *Haile*, 685 F.3d at 1219.

Predisposition may be shown by a defendant's ready commission of the charged crimes and by evidence the defendant had opportunities to withdraw from the illegal acts but did not. *Demarest*, 570 F.3d at 1241. Because an entrapment defense is fact-intensive, a jury's consideration of demeanor and credibility can be pivotal. *Id.* The jury verdict cannot be overturned if any reasonable construction of the evidence would allow the jury to find the defendant guilty beyond a reasonable doubt. *United States v. Padron*, 527 F.3d 1156, 1159 (11th Cir. 2008).

Grajales's numerous questions concerning the details of the robbery and his discussions with the CI and others regarding the need for guns showed he actively was engaged in planning the robbery. Grajales had several chances to withdraw from the operation, but he did not. *See Demarest*, 570 F.3d at 1241. Moreover,

5

Grajales designated his home as a meeting place to be used immediately before and after the robbery; the jury repeatedly heard Grajales was neither hesitant nor nervous throughout the planning.  This evidence was sufficient for the jury to conclude Grajales readily participated in planning and executing the attempted armed drug robbery, showing him predisposed to commit the charged crimes.  *See Haile*, 685 F.3d at 1219; *Demarest*, 570 F.3d at 1241.

B. Sufficiency of the Evidence

We review whether the evidence was sufficient to support a conviction de novo, view the evidence in the light most favorable to the government, and draw all reasonable inferences and credibility choices in the government's favor.  *See United States v. Joseph*, 709 F.3d 1082, 1093 (11th Cir.), *petition for cert. filed*, No. 13-5319 (U.S. July 10, 2013).  Possession of a firearm may be actual or constructive.  *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011) (per curiam).  A defendant's knowing participation in a joint criminal venture in which a particular firearm is intended to play a central part permits the jury to conclude reasonably the defendant constructively possessed that gun.  *Id.*  This is true even if the defendant never intended to use the gun, because he shares his co-participants' intent and jointly possesses the gun as part of the criminal enterprise surrounding its possession. *Id.* at 577.

Grajales does not contest the terms "crime of violence" and "drug trafficking crime" in § 924(c) include the robbery and drug crimes charged, *see* 18 U.S.C. § 924(c)(2), (3), or that the gun recovered during his arrest was possessed "in furtherance" of the offenses, *see United States v. Woodard*, 531 F.3d 1352, 1362 (11th Cir. 2008). Grajales challenges only the jury's finding he possessed a gun in this case. The jury heard: (1) while riding in a car on the night of the planned robbery, Grajales told the CI guns were "inside the hood" and others were armed, R at 2968; and (2) Grajales helped a co-conspirator hide a gun in one of the cars. Based on the numerous discussions between Grajales and other co-conspirators regarding the need for weapons during the robbery, the jury also was entitled to find Grajales knowingly participated in crimes in which the recovered handgun was intended to play a central part. *See Perez*, 661 F.3d at 576-77. We conclude there was sufficient evidence to support Grajales's § 924(c)(1)(A) conviction, because the jury could have determined Grajales knew about the recovered gun.[3]

C. Sentencing Enhancement

We review the application of the Sentencing Guidelines de novo and the district judge's factual determinations for clear error. *United States v. Campa*, 529

---

[3] Although Grajales's indictment charged him with possessing a firearm in furtherance of a crime of violence *and* a drug-trafficking crime, it was necessary for the jury only to find Grajales possessed a firearm in furtherance of a crime of violence *or* a drug-trafficking crime. *See United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000) (explaining, where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means).

F.3d 980, 992 (11th Cir. 2008).  Where a defendant is an organizer, leader, manager, or supervisor over one or more co-conspirators in a criminal activity, a two-level sentencing enhancement applies.  U.S.S.G. § 3B1.1(c) & cmt. n.2.  The enhancement requires evidence the defendant exerted some control, influence, or decisionmaking authority over another participant in the criminal activity.  *United States v. Martinez*, 584 F.3d 1022, 1026 (11th Cir. 2009).  The assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement.  *United States v. Perry*, 340 F.3d 1216, 1217 (11th Cir. 2003) (per curiam).

Witnesses testified Grajales recruited at least two other co-conspirators, one of whom provided protection for Grajales against his remaining co-participants, which supports finding Grajales exerted some control or influence over one or both of them.  *See id.*  Testimony that Grajales's co-conspirators met at his home before the robbery, where Grajales explained the plan to the group, and planned to meet there again after the robbery, similarly supported finding Grajales exerted some decisionmaking authority over his co-conspirators.  *See Martinez*, 584 F.3d at 1026.  Consequently, there was sufficient evidence to support the enhancement, and the district judge did not clearly err when he imposed a two-level § 3B1.1(c) role enhancement.

**AFFIRMED.**