[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14542
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cr-00172-HES-PDB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCELLE JENKINS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 18, 2018)

Before TJOFLAT, BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

Marcelle Jenkins appeals his total 264-month sentence after pleading guilty to one count of conspiracy to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.  On appeal, he argues the district court erred when it applied a three-level enhancement for an aggravating role for behaving as a manager or supervisor (but not an organizer or leader) of a criminal activity involving five or more participants or otherwise extensive, pursuant to U.S.S.G. § 3B1.1(b), and a two-level enhancement for committing an offense as part of a pattern of criminal conduct engaged in as a livelihood, pursuant to U.S.S.G. § 2D1.1(b)(15)(E).

## I.

We review a district court's interpretation and application of the Sentencing Guidelines *de novo* and its factual findings for clear error.  *United States v. Smith*, 480 F.3d 1277, 1278 (11th Cir. 2007).  Factual findings are clearly erroneous when, although there is evidence to support them, the appellate court on the record as a whole "is left with a definite and firm conviction that a mistake has been committed."  *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011) (quotation marks omitted).  There is no clear error in cases where the record supports the district court's findings.  *United States v. Petrie*, 302 F.3d 1280, 1290 (11th Cir. 2002).

The government must establish the facts necessary to support a sentencing

2

enhancement by a preponderance of the evidence. *United States v. Perez-Oliveros*, 479 F.3d 779, 783 (11th Cir. 2007). This burden requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence. *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012). The preponderance-of-the-evidence standard is not toothless, however, and the district court must ensure that the government carries its burden by presenting reliable and specific evidence. *Id*. We will not disturb a district court's factual findings under the clearly erroneous standard unless we are left with a "definite and firm conviction that a mistake has been committed." *Id.*

Pursuant to U.S.S.G. § 3B1.1(b), the offense level is increased by three levels if the defendant was a manager or supervisor (but not organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive. U.S.S.G. § 3B1.1(b). In the Guideline commentary, it states that factors the court should consider are

> the exercise of decision making authority, the nature or participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1(b), comment. (n.4).

A managerial enhancement can be imposed only where there is a preponderance of the evidence that the defendant supervised or controlled others,

3

or exercised some management responsibility over the activities of the criminal organization. *United States v. Glinton*, 154 F.3d 1245, 1260 (11th Cir. 1998). Our caselaw indicates that the mere direction of others is sufficient to sustain an enhancement for being a manager or a supervisor. *See* U.S.S.G. § 3B1.1, comment. (n.2) ("[T]he defendant must have been the organizer, leader, manager, or supervisor of one or more other participants."); *United States v. Jiminez*, 224 F.3d 1243, 1251 (11th Cir. 2000) ("[T]he assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement.").

Typically, merely being a middleman or a distributor does not support a § 3B1.1 enhancement, because the enhancement requires the exercise of some authority in the organization and the exertion of some degree of control, influence, or leadership. *United States v. Ndiaye*, 434 F.3d 1270, 1304 (11th Cir. 2006) (upholding the § 3B1.1(a) enhancement where the defendant had recruited and instructed co-conspirators). A buyer-seller relationship is insufficient to support the managerial enhancement. *Glinton*, 154 F.3d at 1260; *United States v. Alred*, 144 F.3d 1405, 1422 (11th Cir. 1998) (noting that arrangements between buyers and sellers, such as negotiating deliveries, were incidental to the buyer-seller relationship, and were insufficient to support a § 3B1.1(a) enhancement). In contrast, the management enhancement is appropriate where a defendant arranges drug transactions, negotiates sales with others, and hires others to work for the

4

conspiracy. *See United States v. Perry*, 340 F.3d 1216, 1217-18 (11th Cir. 2003) (upholding the § 3B1.1(c) enhancement where the defendant (1) actively recruited two individuals to transport drugs, (2) arranged for one of those individuals to transport cocaine, (3) directly paid at least one of those individuals for transporting cocaine, and (4) was paid for his recruitment and supervision of individuals in the drug conspiracy).

The district court did not clearly err in applying a three-level enhancement, pursuant to § 3B1.1(b), for acting as a manager or supervisor because the record supports a finding that Jenkins arranged drug transactions, negotiated sales, and directed the actions of at least one other co-conspirator. *Perry*, 340 F.3d at 1217-18; *Jiminez*, 224 F.3d at 1251.

## II.

Pursuant to U.S.S.G. § 2D1.1(b)(15)(E), if a defendant receives an adjustment under § 3B1.1 for an aggravating role and the defendant committed the offense as part of a pattern of criminal conduct engaged in as a livelihood, the total offense level is increased by two levels. U.S.S.G. § 2D.1.1(b)(15)(E). The section commentary adopts the meaning of "pattern of criminal conduct" and "engaged in as a livelihood," as defined in § 4B1.3. U.S.S.G. § 2D.1.1(b)(15)(E). comment. (n.20(C)). "Pattern of criminal conduct" is defined as "planned criminal acts

occurring over a substantial period of time.  Such acts may involve a single count of conduct or independent offenses."  U.S.S.G. § 4B1.3. comment. (n.1).

> "Engaged in as a livelihood" means that (A) the defendant derived income from the pattern of criminal conduct that in any [12]-month period exceeded 2,000 times the then existing hourly minimum wage under federal law; and (B) the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that [12]-month period (e.g., the defendant engaged in criminal conduct rather than regular, legitimate, employment; or the defendant's legitimate employment was merely a front for the defendant's criminal conduct.

U.S.S.G. § 4B1.3. comment. (n.2).

The district court did not err in applying a two-level enhancement for committing the offense as part of a pattern of criminal conduct engaged in as a livelihood, pursuant to § 2D1.1(b)(15)(E), because Jenkins lacked legitimate employment during the time of the charged conspiracy and could be attributed with deriving more than $14,500, or 2000 times the federal minimum wage, in income from the conspiracy.

**AFFIRMED.**

6